106 N.J. Super. 312 (1969)
255 A.2d 786
JOHN B. KEENAN, SUPERINTENDENT OF ELECTIONS OF ESSEX COUNTY, AND COMMISSIONER OF REGISTRATION OF ESSEX COUNTY, WITHIN THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF ESSEX, A BODY POLITIC OF THE STATE OF NEW JERSEY; HARRY LERNER, TREASURER OF THE COUNTY OF ESSEX, AND HENRY A. PEER, TREASURER-ELECT OF SAID COUNTY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 21, 1969.
Decided July 1, 1969.
*313 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Herman W. Kapp argued the cause for appellant.
Mr. Irwin I. Kimmelman argued the cause for respondents.
Mr. Arthur J. Sills, Attorney-General, filed an amicus curiae brief (Mr. Stephen Skillman, Deputy Attorney General, of counsel; Mr. Kenneth M. Olex, Deputy Attorney General, on the brief).
*314 The opinion of the court was delivered by LEONARD, J.A.D.
Plaintiff is the Superintendent of Elections and the Commissioner of Registration of Essex County (superintendent). The significant issue on appeal is whether plaintiff has the authority to appoint his own counsel, whose salary is to be paid by defendant board, to render legal assistance and advice to him in aid of the discharge of his duties as superintendent and commissioner. The dispositive inquiry is whether plaintiff is an "officer * * * of the State Government" within the meaning of N.J.S.A. 52:17A-11 and N.J.S.A. 52:17A-4(e). The former statute forbids a "state officer" from employing "any person to act as attorney, counsel, solicitor, legal assistant or other legal adviser to such officer * * *" (except for service as an administrative hearing officer). The latter act directs that such officer's sole legal adviser, attorney and counsel shall be the Attorney-General of the State.
The facts are well stated in the lower court's opinion, 101 N.J. Super. 495, 496-497 (Law Div. 1968), and need not be repeated here in detail. In brief, plaintiff appointed an attorney as counsel to his office in December of 1965. The appointee served in this position until January 1968, at which time defendant board removed him from the payroll and directed the treasurer to cease the payment of salary to anyone appointed to such position.
Prior to oral argument, because this case directly involves the scope of the duties and responsibilities of the Attorney-General, we requested the latter, by letter, to file a brief amicus curiae. Such a brief has since been submitted and plaintiff has responded thereto. The Attorney-General supports the conclusion of the trial court.
Judge Antell found in the Law Division that plaintiff was a "state officer" within the meaning of the previously cited statutes, and that defendant board's actions were therefore proper. We agree with this determination. The court's reasoning and disposition of the issue was thorough and persuasive. *315 In addition, we note two further considerations tending to support that conclusion.
First, the superintendent of elections is empowered by statute to obtain the use of State Police troopers on election day to aid him "in the enforcement of the election laws of this State." N.J.S.A. 53:2-1. Second, the status of the superintendent as a state officer has been recognized in Allan v. Durand, 137 N.J. Law 30, 33 (Sup. Ct. 1948) (the budgetary affairs of the superintendent are subject to the scrutiny of the State Auditor and the removal of the superintendent for malfeasance is within the executive power of the Governor), and MacPhail v. Board of Chosen Freeholders of Hudson Cty., 6 N.J. Super. 613, 617-619 (Law Div. 1950) (although their salaries are paid by the county, employees of the superintendent are "state employees").
Plaintiff's reliance on a 1961 letter opinion of the Attorney-General to the superintendent is misplaced. This opinion states only that plaintiff's office is not one of the "State department" encompassed by the provisions of the state civil service act, see N.J.S.A. 11:4-4(h), to which the Attorney-General is required to appoint a "special counsel." The opinion then proceeds to advise plaintiff as to how he might obtain reclassification under the civil service procedures. There is nothing in the opinion intimating that plaintiff is not a state officer. In fact, the contrary is true. The opinion assumes that he is such an officer by proceeding to instruct him on how to obtain civil service reclassification.
Several collateral matters have been raised on appeal. Plaintiff argues that defendant board is estopped from now questioning the propriety of his appointment of counsel because it allowed two years to pass before undertaking to remove counsel from the payroll. This argument is not sound. The requisite elements of an estoppel are not present in this case. Defendants are not guilty of any conduct that could give rise to a belief by plaintiff's counsel that he or his position would be indefinitely retained, or that his position would not some day be abolished or found to be *316 illegal. Similarly, there has been shown no detrimental reliance by counsel on any conduct of defendants pertaining to the future continuance of his employment. On facts such as these there can be no estoppel. See Highway Trailer Co. v. Donna Motor Lines, Inc., 46 N.J. 442, 449, certiorari denied Mount Vernon Fire Ins. Co. v Highway Trailer Co., 385 U.S. 834, 87 S.Ct. 77, 17 L.Ed.2d 68 (1966); Summer Cottagers' Ass'n of Cape May v. City of Cape May, 19 N.J. 493, 503-504 (1955). Furthermore, even if the requisite conduct and reliance were here present, they would be of no aid to plaintiff. A governmental body cannot ordinarily be estopped by prior acts that were in violation of law. Adler v. Dept. of Parks & Public Property, Town of Irvington, 20 N.J. Super. 240, 243 (App. Div. 1952); Casale v. Pension Com., etc., of Newark, 78 N.J. Super. 38, 41 (Law Div. 1963).
Plaintiff also contends that counsel's title to his public office cannot be attacked collaterally, and that the administration of the election laws is not a state function. Both of these points lack merit. The latter assertion is expressly refuted by McDonald v. Board of Chosen Freeholders of Hudson County, 98 N.J. Law 386, 391 (Sup. Ct. 1922), affirmed 99 N.J. Law 393, 398 (E. & A. 1923). The former argument is inapposite because counsel's title to his position is not being collaterally attacked. It is the legal existence of his office, to which he holds undisputed title, that is under assault.
Plaintiff also complains that the Attorney-General has exceeded the scope of an amicus curiae by assuming and advancing a definite position in his brief regarding the merits of the instant controversy. This point is without merit. The status of an amicus curiae is, of course, advisory rather than adverse, but his function is to provide the court with information pertaining to matters of law about which the court may be in doubt. Casey v. Male, 63 N.J. Super. 255, 258 (Cty. Ct. 1960). The brief of the Attorney-General does not exceed these bounds. His research into the problem *317 before the court has indicated a particular result to him and there is no error in his expressing his opinion to the court. Indeed, he would be remiss in fulfilling his advisory function if he failed to indicate the position to which his research has led. Further, the materials provided in the Attorney-General's appendix, which were not part of the record below, have not been considered in our disposition of this case.
Plaintiff further maintains that defendant board lacked authority to remove counsel from the payroll. This assertion is frivolous. If county funds were being disbursed to support an illegal position, the board was well justified in ceasing this unwarranted expenditure of public monies. All of plaintiff's remaining points, which are statutory construction arguments relating to plaintiff's status as a "state officer" and the extent of his power to retain assistants as may be necessary to carry out the duties of his office, have been satisfactorily disposed of in the lower court's opinion. See 101 N.J. Super., at pp. 499-507.
Judgment affirmed.