181 N.J. Super. 25 (1981)
436 A.2d 545
JOHN KLINK, PLAINTIFF-APPELLANT,
v.
TOWNSHIP COUNCIL OF THE TOWNSHIP OF MONROE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 21, 1981.
Decided October 8, 1981.
*27 Before Judges BISCHOFF,[1] KING and POLOW.
Frank J. Rubin argued the cause for appellant (Rubin, Lerner & Rubin, attorneys; David B. Rubin on the brief).
Thomas R. Farino, Jr., argued the cause for respondent.
The opinion of the court was delivered by KING, J.A.D.
This appeal concerns the power of a municipality to pay for the expense of electrical current for street lights on the privately-owned streets of a retirement community. The controlling statute in pertinent part empowers a municipality to
... make, amend, repeal and enforce ordinances to cause the governing body of the municipality to repair and maintain and provide for the removal of snow, ice and other obstructions from, and provide for the lighting of, any roads or streets upon which the travel is sufficient, in the opinion of said governing body, to warrant such expenditures, even though such roads or streets shall not have *28 been taken over by said municipal governing body or dedicated and accepted as public highways. Roads or streets so serviced, which are not shown on the official map of the municipality, may, at the option of the governing body of said municipality, be suitably improved in accordance with any requirements established pursuant to the "Official Map and Building Permit Act (1953)," P.L. 1953, c. 434 (C. 40:55-1.30 et seq.), and dedicated to the municipality, within 2 years from the effective date of any ordinance adopted pursuant to the provisions of this act. [L. 1975, c. 243, § 1; N.J.S.A. 40:67-23.1 (emphasis supplied)].
Pursuant to this statute the Monroe Township Council adopted this ordinance on August 4, 1980:
The Council of the Township of Monroe may provide for the lighting of any roads or streets upon which the travel is sufficient, in the opinion of said governing body, to warrant such expenditures even though such roads or streets shall not have been taken over by said municipal governing body or dedicated and accepted as public highways.
Later that month this complaint in lieu of prerogative writs was filed by plaintiff, a taxpayer. He alleged that the ordinance was invalid as (1) unauthorized by the statute, (2) constitutionally prohibited and (3) in conflict with the Condominium Act, N.J.S.A. 46:8B-1 et seq. The Law Division judge rejected these contentions and entered summary judgment for defendant township.
The dispute here focuses on the private interior roadways of two adult condominium communities in the township  Clearbrook and Rossmoor. These communities are designed for and limited to inhabitants over the age of 48 years. The street lights are in place, having been constructed by the developer. The question is whether the township may pay the electrical bill for lighting the communities' streets. The township currently pays the street lighting bill for all public streets in the municipality.
The streets in Clearbrook and Rossmoor are not dedicated to and accepted by the township as public highways. There are gates at the entrances to these communities which preclude uninterrupted and random travel through them. Entrance through the gates is permitted by an attendant to any person announcing a legitimate reason for entering the communities.
The record discloses that in 1980: (1) the combined population of the developments was 4,573, or 31% of the township's total *29 population; (2) the combined assessed valuation was $92,142,000, or 37% of the township's total valuation and (3) the combined total of units was 2,740, or 42% of the township's housing stock. Rossmoor, with 1,700 units, is 80% developed; Clearbrook, with 1,040 units, is 50% developed.
Plaintiff's first contention is that N.J.S.A. 40:67-23.1 was never intended to apply to purely private roadways. But the statute clearly says that a municipality may
... provide for the lighting of, any roads or streets upon which the travel is sufficient, in the opinion of said governing body, to warrant such expenditures, even though such roads or streets shall not have been taken over by said municipal governing body or dedicated and accepted as public highways.
The plain language of the statute defeats plaintiff's contentions. The act applies to any streets or roads, whether dedicated and accepted as public highways or not. As long as the governing body is satisfied that "travel is sufficient ... to warrant such expenditures," it may act. See Island Improvement Ass'n v. Ford, 155 N.J. Super. 571, 574 (App.Div. 1978), where we stated that while a municipality has no legal obligation with respect to private roads it may, by virtue of N.J.S.A. 40:67-23.1, voluntarily "assume a part or all of that obligation." Additionally, we note that plaintiff made no attack in the trial division on the judgment of the governing body that travel upon the roads in the retirement communities was "sufficient ... to warrant [municipal] expenditures."
Plaintiff next contends that N.J.S.A. 40:67-23.1 was intended solely to permit all forms of local government to engage in activities previously permitted only to boroughs and townships. The two predecessor statutes to N.J.S.A. 40:67-23.1 provided that
The governing body of any borough may, at the expense of the borough, repair and maintain and provide for the removal of snow, ice and other obstructions from any roads or streets upon which the public travel is sufficient, in the opinion of said governing body, to warrant such expenditures, even though such roads or streets shall not have been taken over by said borough or dedicated and accepted as public highways. [N.J.S.A. 40:88-10.1, L. 1944, c. 35, § 1]
........

*30 The township committee of any township may, at the expense of the township, repair and maintain, provide for the removal of snow, ice and other obstructions from, and provide for lighting of, any roads or streets upon which the public travel is sufficient, in the opinion of said township committee, to warrant such expenditures, even though such roads or streets shall not have been taken over by said township or dedicated and accepted as public highways. [N.J.S.A. 40:150-1, L. 1945, c. 35, § 1]
Plaintiff maintains that the presence in these repealed statutes of the phrase "any roads or streets upon which the public travel is sufficient" (emphasis ours) evinced a legislative intent to require unrestricted public access as a precondition for municipal services for undedicated and unaccepted roadways. He asserts that the adoption of N.J.S.A. 40:67-23.1 (L. 1975, c. 243, § 1) and the contemporaneous repeals of N.J.S.A. 40:88-10.1 and N.J.S.A. 40:150-1 (L. 1975, c. 243, § 2) merely bestowed the powers enumerated in the former statutes upon all municipalities. Plaintiff contends that the only substantive amendments to pre-existing law effected by N.J.S.A. 40:67-23.1 dealt with circumstances under which dedication to the municipality would occur and that the deletion of the reference to public travel on the private roadways was "through inadvertence or clerical error." He urges that because of the constitutional implications it is doubtful the Legislature would have desired to effect such a change and delete the requirement of public access "without more explicitly announcing its intention."
The general rule is that what "the Legislature omits the courts will not supply." Kennan v. Essex Cty. Freeholders, 101 N.J. Super. 495, 507 (Law Div. 1968), aff'd 106 N.J. Super. 312 (App.Div. 1969). But, of course, courts can supply "apparent omissions" in statutes. Saslow v. Previti, 17 N.J. Misc. 29, 32 (Sup.Ct. 1939). "[W]here words have been omitted from a statute by inadvertence, or through clerical error, and the intent of the legislature is clearly ascertainable from the context, the court will insert the words necessary to carry out that manifest intent." 17 N.J. Misc. at 32. The insertion of words in a statute "is a power which is exercised with unusual caution." 2A Sutherland, Statutory Construction (4 ed. 1973), *31 § 47.38 at 172, cited with approval in Property Owners Assn. of N. Bergen v. N. Bergen Tp., 74 N.J. 327, 338 (1977), which states: "But where the path is not clear, then the courts should refrain from usurping the legislative function."
We find nothing in the language of N.J.S.A. 40:67-23.1 itself, or the statute as originally introduced on March 25, 1974 (Assembly Bill 1358), or the Senate amendments, or the Statement by the Senate County and Municipal Government Committee, dated February 27, 1975, to support plaintiff's contention of inadvertent omission of the word "public".[2] To the contrary, the available history supports the view that the Legislature intended to broaden local power to render services on streets not taken over by the municipality when conditions of sufficient travel warranted. We conclude that the absence of the word "public" in N.J.S.A. 40:67-23.1 was by design, not oversight; we refuse to insert it in the statute as plaintiff requests.
Plaintiff next contends that the contemplated expenditures are prohibited by N.J.Const. (1947), Art. VIII, § III, pars. 2 and 3, which provide that
2. No county, city, borough, town, township or village shall hereafter give any money or property, or loan its money or credit, to or in aid of any individual, association or corporation, or become security for, or be directly or indirectly the owner of, any stock or bonds of any association or corporation.
3. No donation of land or appropriation of money shall be made by the State or any county or municipal corporation to or for the use of any society, association or corporation whatever.
Both parties agree that the constitutionality of the ordinance is governed by the three-pronged test for determining whether a public expenditure violates the constitutional proscription *32 against the advancement of public monies to or for the use of any private individual, association or corporation for private purposes promulgated by Justice Francis in Roe v. Kervick, 42 N.J. 191 (1964). Plaintiff characterizes the Roe three-pronged test as
(a) whether the legislation served a legitimate public purpose;
(b) whether the nature of the scheme involved was likely to effectuate that public purpose;
(c) whether there were sufficient safeguards to protect the public from the harms sought to be avoided by the Constitution. [Id. at 207, 212, 222, 231 and 232]
Defendant concurs in this characterization.
Plaintiff maintains that the ordinance does not satisfy the first prong of the Roe test because no "public purpose is served by municipal assumption of a private residential complex's streetlighting expenses." He asserts that, while "[g]overnment appropriations to assist poor persons on fixed incomes may be defensible in the context of a welfare program, ... no such justification can be offered by the Township in this case." Plaintiff points out that "not only is there no general welfare program operative in the Township, but no rational basis exists for presuming these residents are in need of such assistance." In sum, he contends that direct subsidies to senior citizens for private street lighting serve no public purpose and that such "direct subsidies from the public till are inappropriate, especially in the absence of demonstrated need."
On the contrary, defendant asserts that the ordinance serves two public purposes:
... Expenditures for the maintenance, repair and lighting of heavily travelled private roadways clearly promotes the public health, safety and welfare by reducing the likelihood of accidents and generally facilitating the ease of travel on such roads. More specifically with regard to roads in planned retirement communities, the ordinance and statute promote the public purpose of providing safe, suitable, and affordable housing to New Jersey's elderly citizens by subsidizing the upkeep and lighting of heavily travelled roads in such communities.
........
... Certainly, the maintenance and lighting of heavily travelled private roadways in planned retirement communities benefits the community as a whole by *33 protecting all motorists who may have occasion to visit the communities and by providing a safer and more affordable living environment for senior citizens. Moreover, the maintenance and lighting of streets and highways have traditionally been recognized as public and governmental functions.
As Judge Stroumtsos of the Law Division correctly pointed out at the hearing, the public purpose served by the ordinance is "to provide adequate street lighting for the residents in Rossmoor and Clearbrook who apparently are in substantial number" and such street lighting "primarily benefits those who live in the development and incidentally benefits those who choose to enter." He properly emphasized that, under the ordinance, the need required to be shown in order to justify municipal expenditures for street lighting was not economic need on the part of the residents living on those streets but the need for adequate street lighting arising from the level of travel.
N.J.S.A. 40:67-23.1 and the township ordinance allow for the provision of lighting on "any roads or streets upon which the travel is sufficient." If the particular road or street is private with limited public access, it does not matter if the residents living along such a road are rich or poor so long as the travel on the road is sufficient, in the opinion of the municipal governing body, to warrant the expenditures necessary to provide for lighting the road. The public purpose served by the ordinance is the protection of those who live on and those who use sufficiently travelled streets in the municipality and the facilitation of traffic on such streets. The lighting and maintenance of streets "has been traditionally recognized as a public and government function." 18 McQuillin, Municipal Corporations (3 ed. 1977), § 53.44 at 246. We conclude that the first prong of the Roe test is adequately satisfied and that there is no merit in plaintiff's contention here that no public purpose is served by "municipal assumption of a private residential complex's street-lighting expenses."
Plaintiff finally contends that the contemplated expenditures are contrary to the provisions of the Condominium Act, N.J.S.A. 46:8B-1 et seq. Although not clear from the record, *34 plaintiff asserts in his brief that the Rossmoor and Clearbrook developments are comprised of discrete sections, each constituting a separate condominium as defined by the Condominium Act and that the "master deeds of all existing sections, as well as the public offering statements ... treat interior roads" in the developments as part of the common elements. Defendant does not dispute these factual assertions.
Plaintiff argues that under N.J.S.A. 46:8B-14(a) the pertinent condominium association involved in each development
... shall be responsible for the performance of the following duties, the costs of which shall be common expenses: ... The maintenance, repair, replacement, cleaning and sanitation of the common elements....
and therefore that any agreement contrary to this provision is void. He contends that because the ordinance is contrary to the mandatory assessment mechanism of N.J.S.A. 46:8B-14, this court should declare it void under N.J.S.A. 46:8B-7 which states: "Any agreement contrary to the provisions of this act shall be void." We do not think that a municipal ordinance enacted pursuant to the authority of a state statute should be deemed the type of "agreement" referred to in N.J.S.A. 46:8B-7. Obviously, private and consensual agreements among those parties subject to the Condominium Act were meant.
Affirmed.
NOTES
[1] This appeal was argued before Judges King and Polow. Thereafter, counsel for the parties consented to have Judge Bischoff participate without further argument.
[2] The Senate Committee's statement said:

Assembly Bill 1358 allows any municipality, by ordinance, to repair, maintain and provide for the removal of snow, ice and other obstructions from and provide for the lighting of any roads or streets even though such roads or streets shall not have been taken over by the municipality or dedicated and accepted as public highways; provided that the municipality is satisfied that there is sufficient travel on said roads or streets to warrant such expenditures.