PER CURIAM.
Plaintiff Home Depot, U.S.A., Inc. appeals from summary judgment dismissal by the Tax Court of its claim challenging the denial of a refund of sales tax paid on uncollectible credit card purchases. The court affirmed the refund denial of the Director, Division of Taxation (Director) based on inadequate support in appellant’s submissions to raise a genuine issue of material fact, as well as on the plain language of the Sales and Use Tax Act (SUTA) and its regulations. Appellant renews its arguments on appeal, challenging the court’s interpretation of the SUTA, its regulations, and analysis of the law, and asserting resultant equal protection and due process violations. Appellant further argues the court eiTed in finding it did not bear a risk of loss under its agreements with the finance companies and in granting summary judgment. We are not persuaded by appellant’s arguments and affirm substantially for the reasons set forth by Judge Kuskin in his comprehensive written opinion. Home Depot v. Dir., Div. of Taxation, 24 N. J.Tax 23 (2008). We add the following comments.
*223 We are satisfied Judge Kuskin’s opinion accurately reflects the record viewed in the light most favorable to appellant, the non-moving party, as required by Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 540, 666 A.2d 146 (1995). As noted by the Tax Court, the facts were either stipulated by the parties or were not placed in dispute by competent evidence, despite appellant having been aware of the nature and significance of the proofs required to create a factual issue as to the compensation for bad debt losses included in the service fees paid to the finance companies as a result of proceedings in another state. Home Depot, supra, 24 N.J.Tax at 25, 33-35. We thus agree with the Tax Court that appellant presented an insufficient basis under Rule 4:46-2(c) to create a genuine issue of material fact entitling it to a plenary hearing and that the matter was ripe for summary judgment. See Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J.Super. 162, 167, 704 A.2d 597 (App.Div.) (An appellate court is bound by the same standard as the trial court in reviewing summary judgment; it first decides whether there is a genuine issue of material fact, and if there is not, it decides whether the ruling on the law is correct.), certif. denied, 154 N.J. 608, 713 A.2d 499 (1998); Brill, supra, 142 N.J. at 540, 666 A.2d 146 (stating that “when the evidence ‘is so one-sided that one party must prevail as a matter of law’ ... the trial court should not hesitate to grant summary judgment.”). We are also satisfied that Judge Kuskin properly applied the facts to the applicable law and his analysis of the law is sound.
Appellant is a conduit for credit card applications and the collecting and remitting of New Jersey sales tax. For the period from August 1, 1999 through July 31, 2003, appellant made a business decision to outsource its account receivables to three finance companies. Appellant paid service fees under the agreements ranging from 0 to 13.8%. The service fees paid by appellant included a projected bad debt loss incurred by the finance *224 companies, although that element was not identified or quantified in any of the agreements. In fact, the record was devoid of any evidence identifying or allocating the components of the service fee to any specific cost, bad debt or other loss incurred by the finance companies. Moreover, according to appellant’s own submissions, the service fee covered administrative costs and billing and collection costs, as well as anticipated bad debt.
In accordance with this program, appellant’s stores made available to its customers applications for its private label credit card and foiwarded the completed application to the appropriate company. Pursuant to the agreements, the finance company determined, “in its sole discretion,” whether to extend credit to the customer and the limit of such credit, and retained sole and exclusive ownership of the accounts. Appellant had no credit risk with respect to purchases made using its credit cards as the agreements also provided that “all credit losses on [accounts shall be solely borne at the expense of [the Finance Company] and shall not be passed on to [appellant] except for any chargebacks[.]”[1] After credit was extended and the purchase made, the finance company promptly paid appellant the full amount of the transaction, including sales tax charged in connection therewith. Pursuant to its statutory obligation, appellant remitted the then-six percent sales tax to the Division on a regular basis. Appellant paid approximately $2 million in sales tax during the subject period on uncollectible private label credit card purchases for which it sought a refund.
Judge Kuskin found persuasive the two grounds upon which the Director denied appellant’s claim for the refund. First, the claim was barred by the provisions of N.J.A.C. 18:24-23.2(a)(2), a SUTA regulation that denies any refund of sales tax where a vendor has collected from a customer an amount at least equal to the amount of sales tax paid. Under the express terms of the agreements, *225 appellant collected from the finance companies not less than 86.2% of the purchase amount of each transaction, including applicable sales tax, even in cases where the credit card holder had wholly defaulted. Second, appellant’s proofs did not establish that it suffered any losses on credit card transactions due to bad debts as a result of its payment of unidentified and unallocated service fees to the finance companies. Thus, under the SUTA, N.J.S.A. 54:32B-12(c), and its regulation, N.J.A.C. 18:24-23.2(a), appellant was not statutorily entitled to a sales tax refund.
The Tax Court properly rejected, both factually and legally, appellant’s position that it was entitled to a refund of sales tax paid on uncollectible credit card purchases because it funded the finance companies’ projected bad debt losses through payment of service fees. Appellant bore no direct risk with respect to nonpayment of its customers’ credit card indebtedness, did not suffer any losses as a result of the defaults to the finance companies, and presented no competent evidence that its service fee payments constituted bad debt losses for which a sales tax refund would be appropriate under N.J.S.A. 54:32B-12(c) or N.J.A.C. 18:24-23.2.
We are also not convinced by appellant’s argument that the “sales tax first” regulation, N.J.A.C. 18:24-23.2(a)(2), which requires a vendor to remit all the sales tax on an item even when the vendor is only able to collect a portion of the principal, distorts the effective rate of sales tax to a rate substantially higher than six percent, and thus constitutes an unreasonable and invalid regulatory interpretation of the SUTA. Like Judge Kuskin, we find In re Abraham & Straus v. Tully, 47 N.Y.2A 207, 417 N.Y.S.2A 881, 391 N.E.2d 964 (1979), relied on by appellant, to be inapposite and not persuasive, and conclude that “N.J.A.C. 18:24-23.2(a)(2) represents a reasonable and valid interpretation of N.J.S.A. 54:32B-12(c).” Home Depot, supra, 24 N.J.Tax at 32. The court aptly explained why the statute and regulation were reasonable and the scheme had a rational relationship to a legitimate governmental interest:
It is reasonable for the Director to conclude that New Jersey, which has no ability to participate in the credit evaluation of a particular customer, should not bear any of the credit risk relating to that customer. Thus, if a vendor receives an amount *226 sufficient to pay the sales tax that would be due with respect to a transaction, the State of New Jersey is entitled to receive and retain that tax. If the vendor is unable to collect any additional monies from the customer, the vendor alone should suffer the consequences of its failure to evaluate properly the customer’s creditworthiness. [Id. at 32-33.]
Based on the record presented, it is undisputed that appellant recovered from the finance companies an amount more than sufficient to pay the sales tax during the entire refund period. Moreover, whether or not its customer eventually defaulted on the credit card obligation, appellant received the same payment with respect to the transaction, and paid the same service fee to the finance companies. Accordingly, as a matter of law, appellant is ineligible for a refund.
Affirmed.

 The chargebacks generally related to breaches of warranty or other defaults by appellant and customer disputes as to the amount or existence of the credit card obligation, which are not at issue in this matter. Home Depot, supra, 24 N.J.Tax at 27.