BIANCO, J.T.C.
This opinion shall serve as the court’s determination of the motion filed by defendant, Hopatcong Borough (hereinafter “Hopatcong”) to dismiss the complaint of plaintiff, Hopatcong Fuel On You (hereinafter “HFOY”), for failure to comply with the provisions of N.J.S.A. 54:3-21 and R. 8:4 — 1(a)(4), claiming that HFOY failed to timely serve the Tax Assessor and Municipal Clerk with a copy of the complaint by the April 1 filing deadline.[1] For the reasons set forth in this opinion Hopatcong’s motion is denied. The following facts are dispositive of the legal issue raised in Hopatcong’s motion. On March 30, 2009, William S. Winters, Esq., counsel for HFOY, timely filed a complaint directly with the Tax Court via overnight delivery.
On that same date, according to Mr. Winters’ certification, he personally served HFOY’s complaint upon Hopatcong’s Tax Assessor and Municipal Clerk via regular mail, by personally placing two envelopes[2] containing the copies of the complaint in an out-of-town mail drop bin at his local Post Office after 5:00 p.m.
Hopatcong’s Tax Assessor, Therese dePierro certified that her office received a copy of HFOYs complaint on Monday, April 6, 2009 and date stamped it received as of that date.[3] In contrast, *392 Hopatcong’s Municipal Clerk, Lorraine E. Stark, certified that her office never received a copy of HFOYs complaint. [4]On August 19, 2009, Hopatcong moved to dismiss HFOYs complaint for failure to comply with the provisions of N.J.S.A. 54:3-21 and R. 8:4-l(a)(4).

N.J.S.A. 54:3-21(a) and R. 8:4-l(a)(4)

The time in which to file a complaint with the Tax Court is governed by N.J.S.A 54:3-21(a), which reads in relevant part:
[A] taxpayer feeling aggrieved by the assessed valuation of the taxpayer’s property ... may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer or taxing district may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $750,000.00151. In a taxing district where a municipal-wide revaluation or municipal-wide reassessment has been implemented, a taxpayer ... may appeal before or on May 1 to the county board of taxation by filing with it a petition of appeal or, if the assessed valuation of the property subject to the appeal exceeds $750,000, by filing a complaint directly with the State Tax Court. [7&id]
See also R. 8:4-l(a)(4) (“Complaints pursuant to the direct review provisions of N.J.S. 54:3-21 shall be filed on or before April 1 of the tax year.”). Failure to timely file a tax appeal is a fatal jurisdiction defect. N.J. Transit Corp. v. Borough of Somerville, 139 N.J. 582, 589, 661 A.2d 778 (1995) (citations omitted).
In addition, a petitioner is also required to file a copy of the complaint upon both the Tax Assessor and Municipal Clerk of the taxing district in which the property is located. N.J.SA 54:51A-2 provides that:
*393 Direct appeal to tax court in certain cases. Where any taxpayer ... shall file a direct appeal to the Tax Court pursuant to R.S. 54:3-21, a copy of the complaint shall also be filed with the assessor and the clerk of the taxing district, who shall forthwith notify the collector and all other municipal officials as the governing body shall direct of the content thereof. [Ibid, (emphasis added).] [6]
See also R. 8:5-3(a)(7)(“A complaint for direct review of an assessment that exceeds $750,000 pursuant to the provisions of N.J.S.A. 54:3-21 ... shall be served on the County Board of Taxation and on the assessor and the Clerk of the taxing district in which the property is located ....”) (emphasis added).[7]
Hopatcong argues that when read together, N.J.S.A. 54:3-21(a), N.J.S.A. 54:51A-2, and R. 8:5-3(a)(7) require a strict April 1[8] deadline by which a copy of the complaint must be filed with (or served upon) the Tax Assessor and Municipal Clerk. Hopatcong contends that a strict April 1 deadline is consistent with and, necessary for the enforcement of other statutorily imposed time constraints pertaining to property tax appeals. See e.g. N.J.S.A. 54:3-25 (requiring County Boards of Taxation to hear and deter *394 mine all appeals within three months after the last day for filing such appeals). Without a strict deadline of April 1, service upon the Tax Assessor and Municipal Clerk would be left to the discretion of the taxpayers. Finally, Hopatcong argues that New Jersey courts have recognized that there is a strict adherence to statutory time limitations in tax matters, see F.M.C. Stores v. Borough of Moms Plains, 100 N.J. 418, 424, 495 A.2d 1313 (1985), and therefore this court should interpret N.J.S.A. 54:51A-2, and R. 8:5-3(a)(7) in pari materia with N.J.S.A. 54:3-21.
In opposition HFOY argues that none of the authority cited by Hopatcong specifically imposes any deadline for the filing or service of a complaint upon the Tax Assessor and Municipal Clerk. Moreover, Hopatcong cannot claim any prejudice other than de minimis delay, which amounts to less than one week.
N.J.S.A. 54:3 — 21(a) imposes an April 1 filing deadline by which to file a complaint directly with the Tax Court. There is, however, no legislation that imposes a deadline for when a complaint must be filed with (or served upon) the Tax Assessor and Municipal Clerk. Tax Court rules governing property tax appeals are consistent with this legislative scheme. Compare R. 8:4-l(a)(4) (imposing an April 1 deadline for filing a Tax Complaint) with R. 8:5-3 (requiring that a copy of the Tax Complaint be served on the Tax Assessor and Municipal Clerk, but imposing no deadline thereto).
It is a general rule that “what ‘the Legislature omits the courts will not supply.’ ” Klink v. Township Council of Monroe Township, 181 N.J.Super. 25, 30, 436 A.2d 545 (App.Div.1981) (quoting Keenan v. Bd. of Chosen Freeholders of Essex Cty., 101 N.J.Super. 495, 507, 244 A.2d 705 (Law Div.1968), aff'd 106 N.J.Super. 312, 255 A.2d 786 (App.Div.1969)). “Courts may supply terms omitted by the Legislature only where it is abundantly clear that the addition is necessary to manifest the Legislature’s intent.” Bd. of Chosen Freeholders of Cty. of Morris v. State, 159 N.J. 565, 578, 732 A.2d 1053 (1999) (citing Klink, supra, 181 N.J.Super. at 30, 436 A.2d 545). “But where the path is not clear, then the courts should refrain from usurping the legislative func *395 tion.” Property Owners Assn. of N. Bergen v. N. Bergen Tp., 74 N.J. 327, 338, 378 A.2d 25 (1977).
To impose an April 1 deadline for filing a copy the complaint with the Tax Assessor and Municipal Clerk would in effect require this court to add language to N.J.S.A. 54:3-21 and N.J.S.A. 54:51A-2. Furthermore, it is not abundantly clear that such an addition is necessary to manifest the Legislature’s intent.
The legislative history of N.J.S.A. 54:51A-2 does not evidence legislative intent to impose a strict deadline for filing a copy of the complaint with the Tax Assessor and Municipal Clerk. N.J.S.A. 54:51A-2 was amended by L. 1999, c. 208, which implemented a series of recommendations promulgated by the Supreme Court’s Committee on the Tax Court. See Statement to S.B. 1982, 208th Leg., Reg. Sess. (N.J. 1997). L. 1999, c. 208 deleted from N.J.S.A. 54:51A-2 the final sentence, “[t]he tax court may, on or after April 1 next following the filing of the complaint, proceed to hear and determine all issues raised therein.” See id. at § 12. This change brought N.J.S.A. 54:51A-2 into compliance with L. 1991, c. 75, which had earlier amended N.J.S.A. 54:3-21 to provide for an April 1 filing deadline for direct appeals to the Tax Court. Ibid. This change, along with the other amendments included in L. 1999, c. 208, was described by the statement accompanying the bill as being technical in nature. See Statement to S.B. 1982, 208th Leg., Reg. Sess. (NJ. 1997).
Furthermore, the court finds no clear legislative intent to require a deadline for filing or service of a complaint on Tax Assessors and Municipal Clerks, when N.J.S.A. 54:51A-2 is read in para materia with other local property tax statutes, and the court rules as Hopatcong suggests.[9]
*396 The court is also not persuaded by Hopatcong’s argument that the statutory scheme for property tax appeals would be futile if there is no deadline for service on the Tax Assessor and Municipal Clerk, since Hopatcong failed to show that it suffered any prejudice, other than de minimis delay, if any, due to the Tax Assessor’s receipt of the copy of the complaint on April 6.
The court observes that while the untimely filing of an appeal is fatal, see N.J. Transit Corp., supra, 139 N.J. at 589, 661 A.2d 778 (citations omitted), defective service is not. R. 8:5-1 provides that “[pjroeess shall be the complaint. There shall be no summons or additional forms of process.” Ibid. Unlike other New Jersey trial courts, the filing of the appeal in Tax Court “not only initiates the action but [also] assures the [Tax] [C]ourt’s jurisdiction.” Pressler, Comment to R. 8:5-1. Accordingly, in the Tax Court the filing of a complaint has the same effect as a summons. The Supreme Court of New Jersey has instructed that, “[o]rdinarily, in the absence of demonstrable prejudice to the defendant, a complaint should not be dismissed because of untimely issuance of a summons.” State of New Jersey v. One 1986 Subaru, 120 N.J. 310, 315, 576 A.2d 859 (1990) (citations omitted). By analogy it follows that in the absence of prejudice to Hopatcong, the alleged untimely filing of a copy of the complaint with the Tax Assessor and Municipal Clerk should, in and of itself, not be grounds for dismissal.[10]
*397 “The decision whether to dismiss with or without prejudice is reposed in the sound discretion of the trial court under Rule 4:37-2(a).” Crispin v. Volkswagenwerk, AG., 96 N.J. 336, 346, 476 A.2d 250 (1984). “The principal concern in determining prejudice is impairment of the defendant’s ability to present a defense on the merits.” State of New Jersey, supra, 120 N.J. at 315, 576 A.2d 859. Here, while the record reflects that the Municipal Clerk did not receive the copy of the complaint mailed to her by Mr. Winters, the Tax Assessor received a copy of the complaint on April 6, 2009, within one week of HFOY filing its complaint with the Tax Court.
The court finds that the Tax Assessor’s receipt of the copy of the complaint on April 6 as opposed to April 1, and the Municipal Clerk’s failure to receive the copy of the complaint mailed to her, have caused, at most, negligible harm to Hopatcong, and have not impaired Hopatcong’s ability to present a defense of the complaint. Arguably, under the mail box rule, the copy of the complaint was served when placed in regular mail with proper postage and properly addressed. City of Hackensack v. Rubinstein, 37 N.J. 39, 47, 178 A.2d 625 (1962) (“When interpreting rules or statutes authorizing service of notice by mail, courts have generally held service complete upon mailing if the envelope is properly addressed and contains sufficient postage.”). In making this observation, however, it is not the court’s intention to diminish a taxpayer’s obligation under statute and the court rules to file or serve a copy of the complaint upon the Municipal Clerk as well. The court recognizes that, under different circumstances, the failure to file or serve a copy of the complaint with both the Tax Assessor and Municipal Clerk may impair a municipality’s ability to present a defense.

Conclusion

Based on the foregoing, the court finds that neither N.J.S.A. 54:3-21, N.J.S.A 54:51A-2, nor R. 8:4-l(a)(4) impose a strict April 1 deadline by which to file or serve a copy of a complaint upon the Tax Assessor or Municipal Clerk. Whether there should be such a deadline is a question for the Legislature. Irrespective, dismiss *398 al for untimely service of the complaint upon the Tax Assessor and Municipal Clerk may be warranted if the municipality is prejudiced by the delay. Since there is no showing of prejudice here, and for the other reasons set forth hereinabove, Hopatcong’s motion is denied.

 This case was consolidated with various other cases for the purposes of oral argument as each of the cases raised similar issues of law. R. 8:8-3. However, since the facts in the present case are distinctly different from those in the other cases, the court determined it would be less confusing and more prudent to issue separate opinions.

 According to Mr. Winters, $1.68 in postage was affixed to each envelope and one envelope was addressed to the Hopatcong Tax Assessor and the other to the Hopatcong Municipal Clerk, each located at Municipal Building, 111 River Styx Road, Hopatcong, NJ 07843-1599.

 In their moving papers and at oral argument, the parties differed over the date that Hopatcong's Tax Assessor received a copy of HFOY's complaint and the creditability of Ms. dePierro's certifications attesting to that factual dispute. *392 This question of fact is moot given the court’s ruling and therefore will not be addressed in this opinion.

 The court finds no reason to doubt the certifications of Mr. Winters and Ms. Stark. Accordingly, the court is satisfied that Mr. Winters mailed a copy of the complaint to the Municipal Clerk, but the complaint was not received by Ms. Stark.

 N.J.S.A. 54:51A-2 was adopted as part of L. 1983, c. 45, which added chapter 51A to the State Uniform Tax Procedure Law, N.J.S.A. 54:48-1 et seq. The provisions of chapter 51A concern only practice and procedure in the Tax Court. See Morris-Sussex Area Co. v. Hopatcong Borough, 15 N.J.Tax 438, 447 (Tax 1996). L. 1983, c. 45, § 54:51A-2 superseded and amended R.S. 54:2-35, which previously read in pertinent part that "a copy shall also be filed with the clerk of the taxing district who shall forthwith notify the assessor, collector and all other municipal officials...." R.S. 54:2-35 (emphasis added). Accordingly, L. 1983, c. 45, § 54:51A-2 shifted the burden of notifying the Tax Assessor from the Municipal Clerk to the taxpayer who filed the appeal.

 The court is satisfied that a taxpayer's obligation under N.J.S.A. 54:51A-2 to file a copy of the complaint with the Tax Assessor and Municipal Clerk was merely intended to provide each with notice of the pending tax appeal, and is not on par with the jurisdictional requirement to file the appeal with the Tax Court by April 1. Similarly, R. 8:5-3(a)(7), which speaks in terms of service of the complaint (rather than filing) upon the Tax Assessor and Municipal Clerk, was intended merely as a notice requirement. See R. 8:5-3(a)(7).

 Hopatcong failed to argue when the strict deadline would be when April 1 is not the filing date under N.J.S.A. 54:3-21, i.e., when "45 days from the bulk mailing of notification of assessment is completed in the taxing district” comes after April 1. Presumably, under the municipality argument, the strict deadline would correspond with the date that the appeal is due.

 Hopatcong cites a number of other statutes which impose strict time constraints on varying aspects of tax appeals. See e.g. N.J.S.A. 54:3-25 (requiring County Board to hear and determine all such appeals within three (3) months after the last day for filing such appeals). The statutes Hopatcong cites, however, do not include a mandate to serve a complaint upon the Tax Assessor and Municipal Clerk. Accordingly, these other statutes, when read in para materia with N.J.S.A 54:51A-2, do not clarify when a complaint must be served *396 upon the Tax Assessor and Municipal Clerk. See e.g. See e.g. John Trebour Trustees v. Randolph Township, 25 N.J.Tax 221, 231-33 (Tax 2009) (reading N.J.S.A. 54:3-27 in para materia with other related statutes to discern legislative meaning of the term "assessment").

 Judge Menyuk, J.T.C. first articulated this position in an unpublished letter opinion. "R. 1:36-6 forbids the citation to unreported opinions. But if a case is mentioned ... and not cited as authority, the rule is not violated." James Construction Company, Inc. v. Director, Division of Taxation, 18 N.J.Tax 224, 229 n. 1 (Tax 1999) (citing Falcon v. American Cyanamid, 221 N.J.Super. 252, 261 n. 2, 262-64, 534 A.2d 403 (App.Div.1987), certif. denied. 108 N.J. 185, 528 A.2d 14 (1987)). This court finds that "there is no reason to depart from ... Judge [Menyuk’s] analysis.” Id. at 229.

 On January 16, 2010, the Legislature raised the threshold amount for direct appeal to $1,000,000. L. 2009, c. 251. However, this amendment operates prospectively and is not applicable here.