BIANCO, J.T.C.
This opinion shall serve as the court’s determination of various motions filed by Defendant, Township of Fredon (hereinafter “Fredon”), in each of the cases listed above, to dismiss each complaint for plaintiffs’ failure to comply with N.J.S.A. 54:3-21, N.J.A.C. 18:12A-1.6(j), and the rules and regulations of the Sussex County Board of Taxation (hereinafter “the County Board”). Since all of these proceedings arise from the same facts and concern the same legal issue, the court, for the sake of expediency, will only address the motion with regard to the appeal filed by plaintiff Sean O’Rourke (hereinafter “O’Rourke”), which, the parties agree, is representative of all the motions herein pending. *447 Accordingly, the determination of the O’Rourke motion shall be determinative of and binding upon all the above-listed cases.[2]
For the reasons set forth in this opinion, Fredon’s motions are denied.
On March 30, 2009, O’Rourke’s counsel filed a petition of appeal with the County Board via overnight delivery. On that same day, O’Rourke’s counsel alleges that he served, via regular mail, a copy of the petition upon Fredon’s Tax Assessor and Municipal Clerk, in envelopes that had appropriate postage affixed, and were properly addressed to the Tax Assessor and the Municipal Clerk at 443 Route 94, Newton, NJ 07860.
Fredon’s Municipal Clerk certified, however, that on April 3, 2009, a large envelope, postmarked April 2, 2009, was delivered to Fredon’s municipal building, which was not addressed to her as the Municipal Clerk. Fredon also contends that its Tax Assessor never received a copy of the petition.
On or about April 29, 2009, Fredon moved before the County Board to dismiss O’Rourke’s complaint for, among other things, failure to properly serve the petition. On May 7, 2009, the County Board entered judgment against O’Rourke, dismissing the appeal for (1) no evidence provided (lack of prosecution) and (2) appeal not timely filed (N.J.S.A. 54:3-21).

Timely Filing of a Petition of Appeal

Practice before the County Boards of Taxation is governed by an extensive statutory and regulatory scheme. See N.J.S.A. 54:3-1 to -31; N.J.A.C. 18:12A-1.1 to -1.20. Relevant to this appeal are the laws and regulations concerning the filing of a property tax appeal with County Boards of Taxation. To begin:
[A] taxpayer feeling aggrieved by the assessed valuation of the taxpayer’s property .. may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, appeal to the county board of taxation by filing with it a petition of appeal. ..
*448 [N.J.S.A 54:3 — 21(a).]
To properly file with the County Boards of Taxation:
All complaints concerning property tax assessments, whether by an individual or corporation, shall be by written petition of appeal on forms prescribed by the Director, Division of Taxation____All petitions shall contain the name and address of the taxpayer, the block and lot number, qualification number, if any, or account number of the property, and the assessed value of the land and improvement respectively stated, and such other information as the Director may require. [N.J.AC. 18:12A-1.6(a)J
Pursuant to N.J.AC. 18:12A-1.6(a), the Director of the Division of Taxation (hereinafter the “Director”), has promulgated a standardized petition of appeal form and instructions (hereinafter “Standard Petition Form”).[3] Furthermore, “[a] petitioner must file a copy of each petition with the assessor and municipal clerk personally or by regular mail.” N.J.AC. 18:12A — 1.6(j). “Proof of filing may be by receipt stamp of the taxing district or affidavit of service.” Id. at (k). Thereafter, “[t]he [Municipal] Clerk shall forthwith notify the collector and such other municipal officials as the governing body shall direct.” Id. at (j). Finally, “[e]ach board shall adopt such standardized petitions of appeal, rules, regulations and procedures as are prescribed by the Director of the Division of Taxation, and issue such directions as may be necessary to carry into effect the provisions of this title.” N.J.S.A. 54:3-14.
In Hopatcong Fuel On You, LLC v. Hopatcong Borough, 25 N.J.Tax 389 (Tax 2010), the Tax Court ruled that for appeals filed directly with the Tax Court, “neither N.J.S.A. 54:3-21 ... nor R. 8:4-l(a)(4) impose a strict April 1 deadline by which to file or serve a copy of the complaint upon the Tax Assessor or Municipal Clerk.” Hopatcong Fuel On You, supra, 25 N.J.Tax at 397. The court determined that to impose such a deadline would have required it to add language to N.J.S.A 54:3-21 which the statute’s plain meaning and legislative history did not support. Id. at 395-97. Furthermore, the court found no evidence of legislative intent *449 to impose such a deadline. Id. at 395-97. Irrespective, the court held that “dismissal for untimely service of the complaint upon the Tax Assessor and Municipal Clerk may be warranted if the municipality is prejudiced by the delay.” Id. at 398.
Fredon argues against the application of Hopatcong Fuel On You to the present appeal since that case involved a property tax appeal filed directly with the Tax Court instead of an appeal filed with the County Boards of Taxation. According to Fredon, the County Board properly dismissed the appeal for untimely filing upon the Tax Assessor and Municipal Clerk pursuant to N.J.A.C. 18:12A-1.6(j) and the County Board’s own rules. The County Board rules are contained in a form entitled “Sussex County Board of Taxation Instructions for Preparing Petition of Appeal,” [4] (hereinafter the “Instructions”) which can be obtained at Sussex County, The Tax Appeal Process, http://www.sussex.nj.us/FCpdf/ PetitionofAppealwithInstruetions.pdf. The Instructions provide in relevant part:

3. Filing of Petitions:

(a) The original petition must be filed with the County Tax Board no later than April 1st, and signed by the taxpayer or his/her attorney.
(b) A copy must be served upon the Assessor of the municipality, postmarked no later than April 1st, in which the property is located, or, in the ease of a municipal appeal, served upon the taxpayer.
(c) A copy must be served upon the Clerk of the municipality, postmarked no later than April 1st, in which the property is located.

[Ibid.]

O’Rourke, in turn, contends that Hopatcong Fuel On You is controlling.
The County Board contends that the Instructions are valid on the premise that an April 1 postmark deadline for service upon the Municipal Clerk and Tax Assessor is a de facto requirement implicit in the Standard Petition Form as prescribed and mandated by the Director under her statutory regulatory authority. In support of this argument, the County Board notes that the Standard Petition Form is mandatory, N.J.A.C. 18:12A-1.6(a), and it *450 requires a petitioner to certify on a pre-printed certification of service that both the Municipal Clerk and Tax Assessor have been served with the petition of appeal. This differs from the standard complaint form for direct appeals to the Tax Court which is optional, rather than mandatory, and does not incorporate a certification of service, which is contained in a separate sheet of paper.[5]
“In a proceeding in the Tax Court there is a presumption of correctness in favor of the county board judgment which must be overcome by plaintiffs introduction of sufficient competent evidence from which the court can find a value different from the assessment.” Glen Wall Associates v. Wall Township, 6 N.J.Tax 24, 28 (Tax 1983), rev’d on other grounds, 99 N.J. 265, 491 A.2d 1247 (1985). Statutory interpretation, however, is a question of law, see Real v. Radir Wheels, Inc. et al., 198 N.J. 511, 524, 969 A.2d 1069 (2009) (internal quotations and citations omitted), and “statutory construction is ultimately a judicial function.” Sherman v. Citibank (South Dakota), N.A., 143 N.J. 35, 38, 668 A.2d 1036 (1995), vacated on other grounds, 517 U.S. 1241, 116 S.Ct. 2493, 135 L.Ed.2d 186 (1996). Accordingly, the County Board’s decision to dismiss O’Rourke’s appeal is afforded no presumption of correctness.
County Boards of Taxation are “creatures of the Legislature and have only the powers conferred upon them by the express language of the statutes or by the necessary implication therefrom.” Baldwin Construction Co. v. Essex County Bd. of Taxation, 28 N.J.Super. 110, 116, 100 A.2d 341 (App.Div.1953). Moreover, “[c]ounty boards of taxation are not part of New Jersey’s judicial branch of government; however, in hearing tax appeals, county boards are administrative agencies that exercise *451 quasi-judicial jurisdiction.” Vicari v. Bethlehem, Township, 8 N.J.Tax 513, 518 (Tax 1986).
While courts “consistently accord[ ] substantial deference to the interpretation of the agency charged with enforcing an act[,] ... an administrative agency may not interpret a statute to give it greater effect than its statutory language permits.” N.J. Tpk. Auth. v. AFSCME, Council 73, 150 N.J. 331, 351-52, 696 A.2d 585 (1997) (internal quotations and citations omitted). “[A]n administrative interpretation which attempts to add to a statute something which is not there can furnish no sustenance to the enactment.” Service Armament Co. v. Hyland, 70 N.J. 550, 563, 362 A.2d 13 (1976).
As recognized in Hopatcong Fuel On You, the plain language of N.J.S.A. 54:3-21 does not require a strict deadline for service upon the Tax Assessor and Municipal Clerk. Hopatcong Fuel On, You, supra, 25 N.J.Tax at 397-98. Such an interpretation would require the court to engraft such a provision onto the statute. It follows then that neither the Director nor the County Board may promulgate rules or regulations that impose an April 1 postmark requirement for service upon the Tax Assessor and Municipal Clerk. In this court’s view, any such requirement would give an effect to N.J.S.A. 54:3-21 that its own language does not support. Accordingly, the arguments of both Fredon and the County Board are without merit.

Conclusion

For the foregoing reasons, the court finds that, in appeals before County Boards of Taxation, neither N.J.S.A 54:3-21 nor N.J.A.C. 18:12A-1.6(j) imposes a strict April 1 deadline for service of a petition of appeal upon the Tax Assessor or Municipal Clerk. Furthermore, the court finds that the County Board overstepped its authority when it promulgated its own rule that requires an April 1 postmark deadline for service upon the Municipal Clerk and Tax Assessor. Whether there should be such a deadline or postmark requirement is a question for the Legislature.
Dismissal for untimely service of the petition of appeal upon the Tax Assessor and Municipal Clerk may be warranted if *452 the municipality is prejudiced by the delay. See Hopatcong Fuel On You, supra, 25 N.J.Tax at 397-98. Here, if the court accepts the Municipal Clerk’s version of the facts, a copy of O’Rourke’s petition of appeal was received at Fredon’s municipal building on April 3, 2009, a mere two days after the date Fredon and the County Board argue it should have been served. The court finds that Fredon was not prejudiced by receiving a copy of the petition of appeal on April 3 instead of April 1. Accordingly, Fredon’s motions are denied.

 In their moving papers and at oral argument, counsel for the plaintiffs and for Fredon agreed that the O'Rourke appeal was representative of all of the other appeals. Accordingly, the court consolidated the appeals for the purpose of this opinion.

 The Standard Petition Form can be downloaded from the State of New Jersey Department of the Treasury website. Local Property Tax Forms — NJ Taxation, http://www.state.nj.us/treasury/taxation/pdf/other_forms/Ipt/petappl. pdf.

 While O'Rourke's counsel challenged the authenticity of the Instructions, the issue need not be addressed in light of the court's ruling herein.

 A Certificate of Service form is attached to the Tax Court’s standard complaint form such that a user cannot download the former without downloading the latter; although a user may choose to print only one of the two documents. The complaint form is available at http://www.judiciary.state.nj.us/taxcourt/ forms/11003_lp_complt.pdf.