78 N.J. Super. 38 (1963)
187 A.2d 372
VINCENT J. CASALE, PLAINTIFF,
v.
PENSION COMMISSION OF THE EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF NEWARK, N.J., AND EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF NEWARK, N.J., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 8, 1963.
*39 Mr. Michael J. Marzano for plaintiff.
Mr. Seymour Klein for defendants.
CRANE, J.C.C. (temporarily assigned).
This is a proceeding in lieu of prerogative writ pursuant to R.R. 4:88 whereby plaintiff Vincent Casale seeks to compel the defendant pension commission to recompute his pension. The plaintiff, a well known member of the bar, served for many years as a legal assistant in the Department of Law of the City of Newark. He retired on or about April 23, 1961 at a salary of $9,300. His pension was based on that figure.
*40 On October 18, 1961 the municipal council granted retroactive salary increases to a substantial number of municipal employees, including plaintiff whose salary was raised to $10,000 as of January 1, 1960 and $10,400 as of January 1, 1961. Defendant has refused to increase his pension on the basis of the retroactive salary increases.
Plaintiff argues that pension statutes should be liberally construed, citing Kochen v. Consolidated Police and Firemen's Pension Fund Commission, 71 N.J. Super. 463, 478 (App. Div. 1962), and other cases of similar import. He urges that the phrase "salary he is receiving at the time of his retirement," appearing in N.J.S.A. 43:13-22.19, be construed as including any salary which may later be paid or authorized to be paid for a period ending with his retirement. Such a construction would permit retroactive salary increases to bring about an increase in an employee's pension. It would leave indefinite the amount to be paid to a pensioner and would make it impossible to compute the anticipated actuarial liability of the fund for the particular pensioner. Certainty in pensions is desirable; retroactive treatment of individual cases is an undesirable practice which should be judicially disapproved. Cf. Moran v. Firemen's and Policemen's Pension Fund Commission of the City of Jersey City, 28 A.2d 885, 20 N.J. Misc. 479 (Cir. Ct. 1942).
In spite of liberal construction, an employee has only such rights and benefits as are based upon and within the scope of the provisions of the statute. Matthews v. Board of Education of Irvington, 31 N.J. Super. 292 (App. Div. 1954). Any construction of a pension statute must necessarily be circumscribed by the legislative language. McHugh v. County of Burlington, 44 N.J. Super. 401 (App. Div. 1957). The legislative language here must be twisted and distorted to reach the result plaintiff seeks. The phrase "at the time of his retirement" speaks of only one moment. It is unambiguous. The conclusion follows that the statutory language relates to the actual time of retirement and that a retroactive salary increase is not effective in changing the computation *41 of an employee's pension. To permit retroactive adjustments in salary to effect a pension increase would create a situation fraught with possibilities of favored treatment, potentially destructive of the orderly administration and financial soundness of a pension system.
Plaintiff argues further that adjustment of pensions was contemplated by the Legislature in situations of this kind by N.J.S.A. 43:13-22.35. That section permits correction of the records in the case of entries made erroneously or fraudulently. Here there is no error to be corrected; no fraudulent or false entry has been made. The computations of the pension commission were properly made in accordance with the statutory direction.
Plaintiff's final argument rests on the theory of estoppel. It is admitted by defendant that on three prior occasions it adjusted pensions of individuals whose salary had been retroactively increased. Altogether, 11 pensioners were affected. Estoppel is not applicable here; plaintiff is not relying on a course of conduct specifically related to him; he does not suggest reliance or change of position on his part. Robbins v. Jersey City, 23 N.J. 229 (1957). Furthermore, governmental bodies may not be estopped by prior acts which are in violation of law. Adler v. Dept. of Parks, Irvington, 20 N.J. Super. 240 (App. Div. 1952). At most, defendant's acts of granting pensions to others amount to a prior administrative construction which is entitled to great weight but should not control when it is clearly opposed to the plain meaning of the statute. Sutherland, Statutory Construction (3d ed. 1943), § 5104, p. 514.
Defendant has attacked the constitutionality of the ordinance granting the retroactive salary increases, thereby increasing the pension of a retired worker. There is no specific constitutional provision in New Jersey prohibiting retroactive salary increases of public employees as there are in other jurisdictions, e.g., Ill. Const. Art. IV, § 19, S.H.A.; Pa. Const. Art. III, § 11, P.S. Defendant relies on the provision of the New Jersey Constitution concerning gifts, N.J. *42 Const. Art. VIII, § III, par. 2. Ordinarily, salary, even though paid retroactively for services actually rendered, would not be considered a gift. However, in view of the decision of the court on the other issues in this case, it is not necessary to decide the constitutional question. Summary judgment will be entered for defendant. Plaintiff's cross-motion for summary judgment is denied.
An appropriate order may be settled as to form on notice or submitted with consent as to form annexed.