**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3195-16T1

JOYCE WILLIAMS,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Argued October 17, 2018 – Decided March 21, 2019

Before Judges Ostrer and Currier.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of Treasury, PERS No. 2-10-310844.

Janis A. Eisl argued the cause for appellant (Gaylord Popp, LLC, attorneys; Samuel M. Gaylord, on the brief).

Juliana C. DeAngelis, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant

Attorney General, of counsel; Juliana C. DeAngelis, on the brief).

PER CURIAM

Joyce Williams appeals from the final agency decision of the Public Employees' Retirement System (PERS) Board of Trustees that set May 1, 2016, as the start date of her service retirement benefits. Williams contends her benefits should have started on July 1, 2015. That was the date she sought ordinary disability retirement benefits in her initial June 2015 application. But, that application was cancelled after Williams failed to submit the required documentation. Applying our deferential standard of review to the Division's decisions, see, e.g. Thompson v. Bd. of Trs., Teachers' Pension and Annuity Fund, 449 N.J. Super. 478, 483-84 (App. Div. 2017), aff'd o.b., 233 N.J. 232 (2018), we affirm.

I.

The record reflects the following facts. Williams submitted her application for ordinary disability retirement benefits in June 2015. She sought a July 1, 2015 retirement date. She claimed she was unable to perform her clerical job with the Franklin Township Board of Education because of both physical and non-physical ailments.

However, in the months that followed, the Division repeatedly informed Williams that she failed to submit the required documentation of her disability. In a December 8, 2015 letter marked "3rd FINAL NOTICE," the Division noted that Williams's personal treating doctors stated she was not disabled.[1] The Division informed her that she was required to submit "at least two medical reports, one by the member's personal or attending physicians along with medical documentation supporting [her] disability and the other in the form of either hospital records or a report from a second physician."[2] The documentation was due within six months from her application. The Division further informed Williams, "If it is not received the retirement will be cancelled in 30 days, and the member must complete a new disability application for a future retirement date."[3]

---

[1] The final agency decision states that the Division sent requests for documentation on June 9, July 9, and August 19, 2015 – however, only the August letter is included in the record.

[2] The Division quoted N.J.A.C. 17:4-6.1. However, that regulation is in the chapter on the Police and Firemen's Retirement System. We presume the Division meant to refer to N.J.A.C. 17:2-6.1, in the chapter on PERS. The regulation has since been amended, effective January 16, 2018. See 50 N.J.R. 646(a).

[3] The applicable PERS regulation stated, "If it is not received, the retirement will be cancelled and the member must complete a new disability application

A-3195-16T1

Williams does not contend that she timely submitted the required documentation. Based on that failure, the Division closed her application in January 2016.

Two months later, in a letter to the Division, Williams's attorney conceded Williams's "difficulties" in securing the necessary documentation from her physicians. He requested that Williams's "matter be converted to a Service Pension as of the date of her retirement which is July 1, 2015." The Division declined the request.

Williams formally applied online for a service retirement in April 2016. As the system would not allow her to input a July 1, 2015 effective date, she applied for benefits effective May 1, 2016, but sent an email to the Division renewing her request for the July 1, 2015 date. The Division used the May 1, 2016 effective date.

A series of correspondence followed, in which Williams requested the July 1, 2015 effective date and the Division continued to reject that request. Williams contended that her depression following family losses prevented her

_____

for a future retirement date." N.J.A.C. 17:2-6.1(e)(1) (2010), 42 N.J.R. 1612(b) (July 19, 2010) (emphasis added).

from complying with the Division's deadlines in 2015. She apparently submitted supporting documentation, which is not included in the record. The Division responded that once the disability application was closed, Williams was "no longer entitled to anything [she] designated on that application, including the effective date of retirement." The Division also informed Williams that she ultimately bore the responsibility for submitting the required documentation. The Board then denied Williams's request to maintain the July 1, 2015 date in a letter dated November 10, 2016.

Williams administratively appealed the Board's decision and requested a hearing before the Office of Administrative Law. The Board rejected the hearing request, finding there were no material issues of fact, and issued its final agency decision on February 16, 2017, affirming the Division. After Williams filed her notice of appeal with our court, we granted the Board's motion for a limited remand, to correct its decision, which the Board completed on March 28, 2018.

II.

On appeal, Williams contends the Board abused its discretion in denying her request that her service retirement commence on July 1, 2015. We disagree.

A-3195-16T1

Williams effectively concedes that no statutory or regulatory provision entitled her to the retroactive date. Indeed, the statutory regime provides otherwise. N.J.S.A. 43:15A-47A states that retirement shall commence "subsequent to the execution and filing" of an application. Likewise, the regulation then in effect provided that retirement applications must be completed "before the requested date of retirement." N.J.A.C. 17:2-6.1(a) (2010), 42 N.J.R. 1612(b) (July 19, 2010). The application for service retirement was submitted in April 2016, after the requested retirement date. Nor was the Board required to utilize the date Williams originally requested for starting an ordinary disability pension. Her application was cancelled, pursuant to N.J.A.C. 17:2-6.1(e)(1) (2010), 42 N.J.R. 1612(b) (July 19, 2010).

Williams contends that, in the exercise of its discretion, the Board was not only empowered, but obliged, to grant her a July 1, 2015 start date for her service pension. However, she offers no authority for the proposition that the Board was empowered, let alone obliged, to grant Williams a retroactive start date, notwithstanding the clear statutory and regulatory commands. The pension statutes are construed liberally to further their remedial purpose. Klumb v. Bd. of Educ. of Manalapan-Englishtown Reg'l High Sch. Dist., 199 N.J. 14, 34 (2009). But, "an employee has only such rights and benefits as are based upon

and within the scope of the provisions of the statute." <u>Francois v. Bd. of Trs.,</u> <u>Pub. Emp. Ret. Sys.</u>, 415 N.J. Super. 335, 349 (App. Div. 2010) (quoting <u>Casale</u> <u>v. Pension Comm'n of the Emp. Ret. Sys. of Newark</u>, 78 N.J. Super. 38, 40 (Law Div. 1963)). The provisions governing the effective date of a pension are plain on their face.

We recognize that modern notions of due process may temper rigid application of time limitations that may impact a person's property interests in governmental benefits. <u>See</u> <u>Rivera v. Bd. of Review</u>, 127 N.J. 578, 585-86, 591 (1992) (holding that due process required a good cause exception to allow late appeals from unemployment compensation decisions). In light of <u>Rivera</u>, the Division of Unemployment adopted regulations formally authorizing a claimant to file a late appeal upon a showing of good cause. <u>See</u> N.J.A.C. 12:17-4.7; N.J.A.C. 12:20-3.1(i).

However, we need not define here an exception to the time limitations for submitting supporting documentation of a disability pension application. Williams did not appeal the denial of her disability pension application. Furthermore, notwithstanding her family tragedies, Williams has not established that she was excused from procuring the required documentation during the six-month period.

To the extent not addressed, Williams's remaining points lack sufficient merit to warrant discussion. <u>R.</u> 2:11-2(e)(1) (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3195-16T1