**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1903-23

PAUL SUOZZO,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
TEACHERS' PENSION AND
ANNUITY FUND,

     Respondent-Respondent.

_____

Submitted April 7, 2025 – Decided May 21, 2025

Before Judges Gummer and Jablonski.

On appeal from the Board of Trustees of the Teachers' Pension and Annuity Fund, Department of the Treasury, Agency Docket No. TPAF No. xx1437.

Paul Suozzo, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Payal Y. Ved, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Paul Suozzo appeals from a final administrative determination issued by respondent Board of Trustees of the Teachers' Pension and Annuity Fund (TPAF), affirming the Board's prior decision denying his request for a retroactive retirement date. The Board denied petitioner's request because under the applicable regulation, a TPAF member's retirement application becomes effective after the receipt of the application and petitioner had submitted the application years after his subsequently-requested retroactive date. Because the Board's decision was not arbitrary, capricious, unreasonable, nor unsupported by the law or the facts in the record, we affirm.

I.

Petitioner was enrolled in the TPAF on September 1, 1993. According to petitioner, he stopped teaching in June 2001. Petitioner's last pension contribution was on June 30, 2001. Petitioner turned sixty years old on April 26, 2019.

In a July 2, 2018 letter, the New Jersey Division of Pensions and Benefits informed petitioner he was eligible to receive a deferred retirement benefit beginning the first of the month after he turned sixty years old. The Division explained in the letter that the "earliest effective date of [petitioner's] retirement application w[ould] be the first of the month following the birthday that

[petitioner] turn[ed sixty] provided your [Member Benefit Online System (MBOS)] application [wa]s filed with the Division . . . prior to that date." Petitioner denies ever seeing the letter but concedes the address on the letter was his address.

On February 16, 2023, petitioner contacted the Division's Office of Client Services by telephone to ask about his pension benefits. According to petitioner, he learned during that call he had been eligible for a pension benefit as of May 1, 2019, the first of the month following his sixtieth birthday.

On February 24, 2023, petitioner submitted an Application for Retirement Allowance, listing a retirement date of March 1, 2023, and identifying his "Retirement Type" as "[d]eferred." In an April 13, 2023 letter, the Division advised petitioner the Board had approved his application, with a March 1, 2023 effective date.

In a May 12, 2023 letter, petitioner advised the Division he wanted "to appeal the decision to issue [his] pension effective February 2023" and requested his claim be "activate[d] . . . to [his] original eligibility date of May 2019." In the letter, petitioner claimed "the department did not do a fair and reasonable job of notifying [him] of [his] eligibility," faulting the "department" for sending the July 2, 2018 letter by regular mail instead of by certified mail.

A-1903-23

In a May 19, 2023 letter, the Division denied petitioner's request. The Division explained that pursuant to N.J.A.C. 17:2-6.1, a retirement application must be "filed with the Division before the requested date of retirement" and that the application "becomes effective on the first of the month following receipt of application unless a future date is requested." The Division noted petitioner had filed his application for retirement benefits on February 24, 2023, for a deferred retirement effective March 1, 2023.

In a July 27, 2023 letter to the Board, petitioner appealed the denial of his request. He again contended "a general delivery letter was not an adequate way to notify a beneficiary of their benefits." Petitioner requested the Board "re-evaluate [his] case, taking into account the lack of proper notification to ensure that beneficiaries are aware of their eligibility and can receive their rightful benefits."

In a September 8, 2023 letter, the Board denied petitioner's request. The Board explained, "[p]ursuant to N.J.S.A. 18A:66-43 and N.J.A.C. 17:3-6.1, to obtain a retirement date of May 1, 2019, you had to have filed a retirement application with the Division prior to that date" and because petitioner had not done that, his effective date of retirement remained March 1, 2023, as previously

approved by the Board. In a November 17, 2023 letter, petitioner appealed the Board's decision and asked for a hearing with the Office of Administrative Law.

In a January 12, 2024 final administrative determination, the Board affirmed its prior decision denying petitioner's request for a retroactive retirement date. The Board again relied on N.J.S.A. 18A:66-43 and N.J.A.C. 17:3-6.1. The Board explained petitioner "became eligible to begin receiving a retirement benefit as of May 1, 2019, the first month after [he] turned [sixty] years of age" and that to receive a retirement benefit effective May 1, 2019, he had to file his application for retirement benefits before that date. The Board found that because petitioner did not file his application until 2023, he was not eligible to receive benefits retroactive to May 1, 2019. The Board considered but rejected petitioner's assertion the Division should have sent the July 2, 2018 letter by certified mail. Finding the "matter d[id] not entail any disputed questions of fact," the Board denied his request for a hearing.

On appeal, petitioner argues the process and decision made by the Board was unjust, incorrect, and unsupported by law and the facts in the record. Based on the applicable law and standard of review and the undisputed facts in the record, we affirm.

A-1903-23

II.

Our role in reviewing an administrative agency's decision is limited. Zimmerman v. Diviney, 477 N.J. Super. 1, 14 (App. Div. 2023). We "recognize that state agencies possess expertise and knowledge in their particular fields." Capuchino v. Bd. of Trs., Teachers' Pension & Annuity Fund, 475 N.J. Super. 405, 411 (App. Div. 2023) (quoting Caminiti v. Bd. of Trs., Police & Firemen's Ret. Sys., 431 N.J. Super. 1, 14 (App. Div. 2013)). Consequently, we review a quasi-judicial agency decision under a deferential standard of review and will affirm the decision unless "there is a clear showing [the decision] is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (alteration in original) (quoting S.L.W. v. N.J. Div. of Pension & Benefits, 238 N.J. 385, 393 (2019)).

In determining whether an agency action is arbitrary, capricious, or unreasonable, we consider "(1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether, in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion." Conley v. N.J. Dep't of Corr., 452 N.J. Super. 605, 613 (App. Div. 2018). "The burden of proving that an agency action is arbitrary, capricious, or unreasonable is on the

6

challenger." Parsells v. Bd. of Educ. of Borough of Somerville, 472 N.J. Super. 369, 376 (App. Div. 2022).

We are not bound by an agency's statutory interpretation or other legal determinations. Lapsley v. Twp. of Sparta, 249 N.J. 427, 434 (2022). Nevertheless, we accord deference to statutory interpretation by the agency charged with enforcing the statute because of the agency's experience and specialized knowledge. Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475-76 (2019). "Such deference has been specifically extended to state agencies that administer pension statutes." Tasca v. Bd. of Trs., Police and Firemen's Ret. Sys., 458 N.J. Super. 47, 55 (App. Div. 2019) (quoting Piatt v. Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div. 2015)). The Legislature vested "the general responsibility for the proper operation" of the TPAF in the Board. N.J.S.A. 18A:66-56.

"The Teachers' Pension and Annuity Fund Law, N.J.S.A. 18A:66-1 to -93 . . . , 'provides a comprehensive, uniform state-wide plan for the payment of retirement benefits to'" TPAF members. Caucino, 475 N.J. Super. at 413 (quoting Fair Lawn Educ. Ass'n v. Fair Lawn Bd. of Educ., 161 N.J. Super. 67, 73 (App. Div. 1978)). N.J.S.A. 18A:66-43 establishes the eligibility for retirement benefits for TPAF members:

A-1903-23

Retirement for service shall be as follows: (a) A person who is a member before [November 1, 2008] and has attained 60 years of age may retire on a service retirement allowance by filing with the retirement system a written application, duly attested, stating at which time subsequent to the execution and filing thereof he desires to be retired. The board of trustees shall retire him at the time specified or at such other time within [one] month after the date so specified as the board finds advisable.

[(Emphasis added).]

N.J.A.C. 17:3-6.1(a) also requires that, to receive retirement benefits, a TPAF member must complete and submit an online application form "on or before the requested date of retirement." A member's retirement application becomes effective on the first of the month following receipt of the application "unless a future date is requested." N.J.A.C. 17:3-6.1(a) (emphasis added). The applicable statutory and regulatory law supports the Board's determination.

The relevant facts are not disputed and also support the Board's determination. Petitioner applied for retirement benefits on February 24, 2023. Thus, his retirement application became effective on March 1, 2023. N.J.A.C. 17:3-6.1(a). Petitioner did not submit an application for retirement benefits in 2019 when he could have. Because petitioner did not have an application on file by May 1, 2019, the Board properly denied his request to retroactively change his retirement date from March 1, 2023, to May 1, 2019.

8

We recognize "pension statutes 'should be liberally construed and administered in favor of the persons intended to be benefited.'" Francois v. Bd. of Trs., 415 N.J. Super. 335, 349 (App. Div. 2010) (internal quotation marks omitted) (quoting Klumb v. Bd. of Educ. of Manalapan-Englishtown Reg'l High Sch. Dist., 199 N.J. 14, 34 (2009)). However, "an employee has only such rights and benefits as are based upon and within the scope of the provisions of the statute." Ibid. (quoting Casale v. Pension Comm'n of the Emps.' Ret. Sys., 78 N.J. Super. 38, 40 (Law Div. 1963)). Under the applicable statute and regulation, petitioner was entitled to the retroactive benefits he now seeks only if he timely applied for them. But he didn't.

Petitioner faults the Division for not properly notifying him. Petitioner would impose on the Division notice requirements that do not exist under the law. The Legislature and the Division have created notice requirements elsewhere in TPAF Act and related regulations. See, e.g., N.J.A.C. 17:3-6.9 (requiring the Division to give notice to a member and a member's employer regarding accidental disability retirement); see also N.J.S.A. 18A:66-47.1 (requiring the Division to give notice "by certified mail" to a member's spouse if the member identifies the spouse in a written election to make retirement benefits payable only during the lifetime of the employee). The Legislature

could have imposed similar requirements under these circumstances, but it didn't. No statute or regulation required the Division to send the July 2, 2018 letter to petitioner by certified mail.

The information petitioner contends he needed to know in order to apply for retirement benefits that would have been effective as of May 1, 2019, was set forth in the July 2, 2018 letter. Petitioner does not dispute the letter was correctly addressed to him. "There is 'a presumption that mail properly addressed, stamped, and posted was received by the party to whom it was addressed.'" U.S. Bank Nat. Ass'n v. Curcio, 444 N.J. Super. 94, 112 (App. Div. 2016) (quoting SSI Med. Servs. v. HHS, Div. of Med. Assistance & Health Servs., 146 N.J. 614, 621 (1996)). Nothing in the record suggests the letter was returned to the Division.

Because petitioner has not demonstrated the Board acted arbitrarily, capriciously, or unreasonably in affirming its decision denying his request to change his retirement date retroactively from March 1, 2023, to May 1, 2019, we affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1903-23